[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: NOTION TO SUPPRESS PHOTOGRAPHIC IDENTIFICATION
The defendant in the captioned case, Halroyd Gordon, orally moved to suppress evidence regarding a photographic identification made of him by a witness. After conducting an evidentiary hearing, the court denied the motion in an oral ruling.
Findings of Fact
On September 16, 1994, Sonya Floyd was shot and killed while seated in an automobile. The driver of the car, Franklin White, was also shot. The incident occurred on Deerfield Avenue, Hartford, Connecticut. White told the police that he saw the person who did the shooting.
On October 10, 1994, Detective Paul Sherokow of the Hartford Police Department showed a photo array to White. The array consisted of photographs of similarly looking black males. Sherokow did not engage in any suggestive behavior in connection with showing the array of photographs to White. White was not able to positively identify any photographs as that of the perpetrator in the shooting incident. White selected three photographs as being similar in appearance to the perpetrator. One of these photographs was a photograph of the defendant.
Conclusions of Law
In order to prevail on a motion to suppress photographic identification evidence, a defendant must establish that the identification procedure was unnecessarily suggestive. State v.Wooten, 227 Conn. 677, 685 (1993). An identification procedure is unnecessarily suggestive when it gives rise to a very substantial likelihood of irreparable misidentification. State v. White,229 Conn. 125, 161-62 (1994).
In this case the procedures used by the police were not unnecessarily suggestive. They simply showed an array of similar appearing photos to a witness without suggestive conduct or comment. Moreover, the witness did not make a positive CT Page 3472 identification but only a look-alike identification. Furthermore, the defendant's photo was one of three pictures that the witness said were similar to the perpetrator. There was not substantial likelihood of irreparable misidentification.
For the reasons stated above, the motion to suppress is denied.
So Ordered at Hartford, Connecticut this 23rd day of March, 1998.
Devlin, J.